

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8950 | **DATE** | July 19, 2002 |
| **CASE TITLE** | *Hostmark Investors Ltd. v. GEAC Enterprise Solutions, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court GRANTS Defendant Geac's Motion to Stay Proceedings Pending Arbitration [3-1] and dismisses this action without prejudice and orders that Plaintiff Hostmark proceed with the arbitration currently pending before the AAA in Atlanta, Georgia. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 2 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 25 PM 12:21 | | |
| | | FILED-TO | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITES STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOSTMARK INVESTORS LIMITED ) ) Plaintiff, ) ) v. ) ) GEAC ENTERPRISE SOLUTIONS, ) INC. ) ) Defendant. ) | Hon. Blanche M. Manning<br><br>01 C 8950 |

## MEMORANDUM AND ORDER

Defendant Geac Enterprise Solutions, Inc., ("Geac") brings this Motion to Stay Proceedings Pending Arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. For the reasons that follow, this Court GRANTS Geac's motion.

## BACKGROUND

In March of 1999, Plaintiff Hostmark Investors Limited Partnership ("Hostmark") entered into a written agreement ("the Agreement") with Clarus Corporation ("Clarus") to license certain software applications from Clarus. Geac subsequently purchased certain assets and liabilities of Clarus including the rights and obligations under the Agreement.

After entering into the Agreement, Hostmark experienced technical problems with the software and sent several letters to Geac alleging that the software was defective. Geac claims that it adequately addressed Hostmark's complaints as required under the Agreement. The parties, however, were unable to resolve the dispute, and on July 18, 2001, Geac, pursuant to

paragraph 30 of the Agreement, filed a demand for arbitration with the American Arbitration

Association.[1] Hostmark subsequently filed a motion to dismiss the demand for arbitration with the AAA, which was denied. With the decision of the AAA still pending, however, Hostmark filed a complaint against Geac in Illinois state court to resolve the dispute under the Agreement. Geac then removed the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction, and filed the instant motion seeking to stay this action pending arbitration and for an order requiring Hostmark to proceed with the arbitration currently pending before the AAA in Atlanta, Georgia.

**ANALYSIS**

Section 2 of the FAA provides that:

> a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Courts have broadly interpreted the FAA to govern the interpretation, enforcement, and validity of arbitration agreements in commercial contracts. Moses H. Cone Memorial Hosp. V. Mercury

---

[1] Paragragh 30 of the Agreement provides that:

Except with respect to breaches of Section 2. (Software License) or Section 6. (Proprietary Rights and Confidentiality) and the right of either party to apply to court of competent jurisdiction for a temporary restraining order, preliminary injunction, or other equitable relief to preserve the status quo or prevent irreparable harm, all claims, disputes, controversies, or other matters arising out of or relating to this Agreement, or the breach thereof, may be submitted to and settled by a panel of three arbitrator chosen by the Regional Office of the American Arbitration Association. Subject to the preceding sentence, both parties shall continue to honor their respective obligations under the Agreement during any such arbitration proceeding. The arbitrators will apply Georgia law. At least one arbitrator shall be reasonably familiar with the computer software industry. The decision of the arbitrators shall be binding and conclusive on all parties involved, and judgment upon their decision may be entered in the highest court of any forum (federal or state) having jurisdiction. The prevailing party shall be entitled to recover its reasonable attorney's fees and other costs and expenses as apportioned by the award of the arbitrators.

2

Constr. Corp. 460 U.S. 1, 24 (1983). The purpose of the FAA was to vigorously promote arbitration clauses in commercial contracts, and therefore, courts broadly construe the FAA and resolve any doubts in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. 473 U.S. 614, 625 (1985); Moses H. Cone Memorial Hosp., 460 U.S. at 24-25. However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986).[2]

Here, Hostmark concedes that the Agreement constitutes "a contract evidencing a transaction involving commerce," under the FAA, but contends that arbitration is not required under the FAA because the parties did not intend to require arbitration. The Agreement states that "... all claims, disputes, controversies or other matters arising out of or relating to the Agreement, or breach thereof, *may* be submitted to and settled by a panel of three arbitrators ...." (emphasis added). Hostmark contends that the use of "may" rather than "shall" is evidence that the parties did not intend the arbitration clause to be mandatory. Under this interpretation, according to Hostmark, only the "aggrieved party" (Hostmark) has the right to require arbitration

---

[2] The Agreement provides that "the arbitrators will apply Georgia law," (Agreement at ¶ 30), and therefore, Georgia law will be applied to determine whether there has been a breach of contract and a breach of warranty. However, when interstate commerce is the subject matter of the contract, the FAA governs the "issues relating to the making and performance of the agreement to arbitrate." Commonwealth Edison Co. v. Gulf Oil Corp., 541 F.2d. 1263, 1269 (7th Cir. 1976). "Parties are not free to burden the arbitration process under the Federal Act by adopting state law which shifts the determination of disputes from arbitrators to courts." Id. If the parties agree, however, to be bound by state arbitration law, state law may apply *so long as that law does not conflict with the FAA*. See Volt Info. Sciences, Inc. v. Bd. of Trustees, 489 U.S. 468, 475-77 (1989). (emphasis added). Therefore, this Court will apply the FAA and not Georgia law when interpreting the validity of the arbitration clause. Regardless, even if Georgia law were applied, neither party nor this Court have found any Georgia authorities which conflict with federal law on the issues presently before the Court.

3

and may bring its claim to another forum of its choosing.

Although the FAA does not confer an absolute right to compel arbitration, it does provide the "right to obtain an order directing that arbitration proceed in the manner provided for in the parties' agreement." Volt Information Sciences, Inc., 489 U.S. at 474-75. Therefore, whether arbitration is proper should "be determined from the ... agreement between the parties." Pietro Scalzitti Co. v. Int'l Union of Operating Eng'rs, 351 F.2d 576, 579 (7th Cir. 1965). "If the issues can be fairly said to come within the coverage of the arbitration clause, a motion to stay proceedings pending arbitration or an order directing arbitration, as the case requires, necessarily must follow." Id.

Here, unfortunately for Hostmark, courts in this circuit and other circuits have repeatedly rejected Hostmark's contention and concluded that "neither the word 'may' or any other language used in the Agreement implies that the parties had the option of invoking some remedy other than arbitration .... The sole option an aggrieved party retains through the use of the word 'may' was to abandon its claim." Ceres Marine Terminals, Inc. v. Int'l Longshoremen's Ass'n, 683 F.2d 242, 246 (7th Cir. 1982). See also Austin v. Owens-Brockway Glass Container Inc., 78 F.3d 875, 879 (4th Cir.1996) (holding that agreement that "all disputes ... may be referred to arbitration" triggers mandatory arbitration); American Italian Pasta Co. v. Austin Co., 914 F.2d 1103, 1104 (8th Cir.1990) (holding that agreement that "[i]f both parties agree that a dispute ... cannot be settled ... then such dispute may be submitted to arbitration" triggers mandatory arbitration); United Steel Workers of America v. Fort Pitt Steel Casting, 598 F.2d 1273, 1279 (3d Cir. 1979); Local 771, IATSE, AFL--CIO v. RKO General, Inc., WOR Division, 546 F.2d 1107,

4

1115-16 (2d Cir.1977) (holding that agreement that "[t]he parties may submit to arbitration" triggers mandatory arbitration); Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, 421 (5th Cir. 1962) (use of the word may gives either party the option to arbitrate); McCrea v. Copeland, Hyman & Shackman, P.A., 945 F. Supp. 879, 881-82 (D. Md.1996) (holding that agreement that "either party may petition the appropriate court ... for an order compelling submission ... to arbitration" triggers mandatory arbitration); Chiarella v. Vetta Sports, Inc., 1994 WL 557114, at *3 (S.D.N.Y. 1994) (holding that agreement that "either party may submit the dispute to arbitration" triggers mandatory arbitration); Akzo Chem., Inc. v. Anderson Dev. Co., 1993 WL 54548, at *5 (N.D. Ill. Feb. 26, 1993) ("use of the word may . . . does not [] give a party to [the] agreement the option of either submitting its claim to arbitration or by-passing arbitration and seeking immediate recourse to the courts"). Cf. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 204 n. 1 (1985) ("[t]he use of the permissive 'may' is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures").

The rationale underlying the courts' expansive interpretation of the use of the word "may" in arbitration clauses is that even if the clause is slightly ambiguous, such ambiguity is not sufficient to overcome the "rule that courts are to construe . . . agreements in favor of arbitration." Ceres, 683 F.2d at 248. Moreover, because parties "may" always agree to arbitrate a dispute, to interpret an arbitration agreement that uses the term "may" as permitting rather than mandating arbitration would violate the age-old principle that contracts must not be interpreted so as to render clauses superfluous or meaningless. See Austin, 78 F.3d at 879; Chiarella, 1994 WL 557114, at *3.

5

Similarly, courts have also rejected Hostmark's contention that only the "aggrieved party" has the right to require arbitration, and held that the "aggrieved party" has two choices – proceed to arbitration or abandon its claim. RKO Gen., Inc. 546 F.2d at 1115-16; Bonnot v. Congress of Independent Unions, Local 14, 331 F.2d 355, 359 (8th Cir. 1964). See also Karl Storz Endoscopy-America, Inc. v. Integrated Med. Sys., 808 So.2d 999, 1011 (Ala. 2001)(interpreting the FAA, the Alabama Supreme Court held that "the right to proceed to arbitration is not secured for the aggrieved party only").

Here, paragraph 30 of the Agreement states that "… all claims, disputes, controversies or other matters arising out of or relating to the Agreement, or breach thereof, may be submitted to and settled by a panel of three arbitrators …." Applying the above authorities to paragraph 30, this Court holds that the use of "may" in the Agreement does not limit the FAA's broad mandate requiring the enforcement of arbitration clauses in commercial contracts. Accordingly, this Court grants the motion to stay, pursuant to section 3, and, pursuant to section 4, orders that Hostmark proceed with the arbitration currently pending before the AAA in Atlanta, Georgia.

Although this Court grants the motion to stay, given that all the issues pending in this action relate to the Agreement and are or could be brought before the AAA, the Court "can see no reason to retain jurisdiction and allow this action to languish on the docket in Chicago." U.S. & Int'l Travel & Tours v. Tarom, 98 F. Supp. 2d 979, 981 (N.D. Ill. 2000). Although the Seventh Circuit does not appear to have addressed the issue, "'[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'" Id. (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.

6

1992)). See also Merchant v. Weissman, No. 97 C 2205, 1997 WL 695674, at *5 (N.D. Ill. Nov. 3, 1997); Choice Hotels Int'l, Inc. v. BRS Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Green v. Ameritech Corp., 200 F.3d 967, 972 (6th Cir. 2000); Bercovich v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998). Consequently, rather than stay these proceedings pending arbitration, the Court dismisses this case without prejudice.

## CONCLUSION

For the forgoing reasons, this Court GRANTS Defendant Geac's Motion to Stay Proceedings Pending Arbitration [3-1] and dismisses this action without prejudice and orders that Plaintiff Hostmark proceed with the arbitration currently pending before the AAA in Atlanta, Georgia. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 7-19-02

8

Separator Page for Case Number 1:01-cv-08120
Document Number: 19
Docketed By: nf







Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8120 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Etheridge vs. United States Army, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's notice of motion requesting an extension of time is granted. Plaintiff is given an extension of time to 8/14/02 to file a supplemental answer to defendant White's motion to dismiss or for summary judgment; defendant's reply is extended to 8/28/02.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 02 JUL 25 PM 5:26 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |